306 F.2d 34
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MOUNTAIN PACIFIC CHAPTER OF the ASSOCIATED GENERAL CONTRACTORS, INC., et al., Respondents.
INTERNATIONAL HOD CARRIERS, BUILDING AND COMMON LABORERS UNION OF AMERICA, LOCAL 242, AFL-CIO, et al., Petitioners.
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 17263.
 United States Court of Appeals Ninth Circuit.
 July 23, 1962.
 July 25, 1962.
 
 Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Nancy M. Sherman, Washington, D. C., for petitioner N. L. R. B.
 Vincent F. Morreale, Gen. Counsel, Robert J. Connerton, and Joseph M. Stone, Washington, D. C., for respondent Mt. Pacific Chapter of the Assn. Gen. Contractors of America, etc.
 Ferguson & Burdell, Seattle, Wash., for the respondent Ass'n Gen. Contractors of America, Seattle Northwest Chapter.
 Elliott, Lee, Carney & Thomas, Seattle, Wash., for respondent Mt. Pacific Chapter of the Ass'n Gen. Contractors of America, & Ass'n Gen. Contractors of America, Tacoma Chapter.
 Before CHAMBERS and MERRILL, Circuit Judges, and KILKENNY, District Judge.
 PER CURIAM.
 
 
 1
 Once before this case was here and was remanded to the National Labor Relations Board. N. L. R. B. v. Mountain Pacific Chapter, etc., 9 Cir., 270 F.2d 425. Reference is made to that opinion.
 
 
 2
 On remand, the Board received no further evidence but made findings to support its prior conclusions. We did not direct the Board to reopen, leaving that to its discretion.
 
 
 3
 Upon consideration of the entire record, we find that as of now it only supports a finding of discrimination against the employee Lewis by Local 242 and does not yet support a finding and conclusion that the contract was in effect illegal as to the union hiring hall clause because there was an underlying illegal purpose not expressly apparent on the face of the contract. Compare N. L. R. B. v. News Syndicate, 365 U.S. 695, 81 S.Ct. 849, 6 L.Ed.2d 29, and Local No. 357 v. N. L. R. B., 365 U.S. 667, 81 S.Ct. 835, 6 L.Ed.2d 11.
 
 
 4
 We think the underlying purpose of the Act would be best served by the Local making good to Lewis that which he lost by its actual discrimination against him. The court is prepared to enter an order of enforcement to that effect.
 
 
 5
 Upon a petition for rehearing, if government counsel is so disposed, we would consider the appropriateness of a remand for further searching into the background of the contract. But presently we are inclined to believe the Supreme Court, in the cases cited, supra, has set the guidelines for future cases without the further probing of this one.
 
 
 6
 KILKENNY, District Judge (dissenting).
 
 
 7
 The record, in my opinion, supports the findings of the Board. I would enforce the orders.